# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-1744 PA (FFMx) | Date | September 1, 2017 |
|---|---|---|---|
| Title | Glen Irving v. Anthony Robinson | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:** IN CHAMBERS - COURT ORDER

    The Court is in receipt of a Notice of Removal filed by defendant Anthony Robinson ("Defendant") on August 28, 2017. Plaintiff Glen Irving ("Plaintiff") filed its Complaint in San Bernardino County Superior Court asserting a single cause of action for unlawful detainer. (Notice of Removal, 10-15.) Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

    Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

    Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

    Here, the underlying Complaint asserts a single cause of action for unlawful detainer. Defendant alleges that removal is proper because Plaintiff's actions in attempting to evict Defendant violate the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 17-1744 PA (FFMx) | Date | September 1, 2017 |
| Title | Glen Irving v. Anthony Robinson | | |

Protecting Tenants at Foreclosure Act (the "PTFA"), 12 U.S.C. § 5220. However, the PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions. See Logan v. U.S. Bank Nat. Ass'n, 722 F.3d 1163, 1165 (9th Cir. 2013) (affirming dismissal of complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements"). Therefore, Defendant's allegations do not provide a proper basis for removal, as a federal defense cannot form a basis for removal. See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 70, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009). Additionally, because the Complaint alleges only a state law claim for unlawful detainer, it does not present a claim "arising under" federal law.

      For the foregoing reasons, Defendant has failed to meet his burden to demonstrate that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to San Bernardino County Superior Court, Case No. UDFS1705315. See 28 U.S.C. § 1447(c). Defendant's Request to Proceed In Forma Pauperis (Docket No. 2) is denied as moot.

      IT IS SO ORDERED.